**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**HENRIETTA BRADLEY,**

**Plaintiff,**

**v.**

**AMERICAN HOME PRODUCTS CORPORATION, and its subsidiaries and assigns (d/b/a Wyeth-Ayerst Laboratories),**

**Defendant.**

**Civil No. 00-4 (JMR/SRN)**

**O R D E R**

---

Judith Kahn Schermer, Esq., on behalf of Plaintiff Henrietta Bradley.

Robert V. Atmore, Esq., on behalf of Defendant American Home Products Corporation and its subsidiaries and assigns (d/b/a Wyeth-Ayerst Laboratories).

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on July 3, 2001, on a motion by Defendant American Home Products (AHP), pursuant to Fed. R. Civ. P. 26(b)(2), for an order extending the deposition of Plaintiff Henrietta Bradley for an additional day of up to seven hours. This motion is necessitated by the recently amended Fed. R. Civ. P. 30(d)(2) (December 2000) which limits each

FILED JUL 09 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED
DEPUTY CLERK'S INITIALS

deposition to one day of seven hours. Then, if more time is needed to conduct a fair examination of the deponent, a party may acquire additional time by agreement of the parties or by motion. Id.

Defendant AHP has taken six hours of Plaintiff Bradley's deposition, but contends it needs additional time to fairly examine Ms. Bradley who has asserted a wide variety of claims and legal theories in her Complaint, and has produced a large volume of documents on which she relies in this action.

Plaintiff Bradley opposes any additional deposition time. AHP seeks to depose Ms. Bradley for an additional day of up to seven hours.

In its bench ruling on this motion, the Court noted the likelihood that the bar will find it initially difficult to revise entrenched deposition procedures and habits to comport with the requirements of new Rule 30(d)(2). Therefore, in this period of adjustment to the new rule, and considering the fact that this lawsuit presents a complex set of claims, the Court finds that the need for discovery and a fair examination of the Plaintiff outweighs an absolute application of new Rule 30(d)(2). Accordingly, the Court permits Defendant AHP to depose Plaintiff Bradley for a total of four more hours. Defendant AHP's motion is thus granted in part and denied in part.

Based upon the above, and upon all the files, records, and

proceedings herein,

**IT IS HEREBY ORDERED** that:

1) The Motion by Defendant American Home Products Corporation to Extend the Deposition of Plaintiff Henrietta Bradley (Doc. No. 11) is **DENIED** as to the request for an additional day of up to seven hours, and **GRANTED** as to the request for an extension. Defendant is permitted to re-convene Plaintiff Bradley's deposition for a total of four hours.

Dated: July 9, 2001.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

s