UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Henrietta Bradley,** **Civil No. 00-4 (JMR/SRN)**

**Plaintiff,**

v.

**ORDER**

**American Home Products Corporation and its subsidiaries and assigns (d/b/a Wyeth-Ayerst Laboratories),**

**Defendants.**

---

Judith K. Schermer, Esq., on behalf of Plaintiff.

Robert V. Atmore, Esq., and Reuben A. Mjaanes, Esq., on behalf of Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on August 21, 2001, on Defendants' Motion to Compel Discovery, (Doc. No. 16).

This Order addresses that motion.

## I. DEFENDANTS' MOTION TO COMPEL DISCOVERY .

### A. Interrogatory No. 1: Review Of Audiotape Transcript.

In response to discovery requests, plaintiff supplied defendants with twelve audiotapes of conversations between herself and defendants' employees. In defendants' interrogatory No. 1, they sought to have plaintiff review the transcripts from all of these tapes, which they prepared, to authenticate them, and to correct any errors or omissions. Defendants maintain that such authentication is necessary pursuant to FRE 1003, in order for the transcripts to be admissible as

FILED AUG 22 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

evidence at trial.

Plaintiff objected to this interrogatory on the basis that it was burdensome and oppressive, and demanded more from plaintiff than is required by discovery. Plaintiff further maintains that only the tapes themselves, rather than the transcripts, would be admissible at trial as the "best evidence" of those conversations.

The Court makes no ruling at this time, finding no authority for requiring a plaintiff to correct such a transcript during discovery. The Court notes, however, that such a transcript might facilitate use of the tapes during trial. Accordingly, the Court will allow defendants ten days to narrow their request to smaller relevant sections of the transcript. The Court will then evaluate that narrower interrogatory, and determine whether its burdensomeness outweighs the potential benefit of such a transcript at trial.

**B. Interrogatory No. 2: Identifying Individuals Heard On Audiotapes And Dates Of Conversations.**

Despite plaintiff's supplemental response, defendants are still seeking the dates of certain of plaintiff's phone conversations. Plaintiff maintains that she does not know the dates of these conversations.

The Court grants defendants' motion concerning this issue, and allows plaintiff an additional ten days to supplement her answer by clarifying that she does not know specific dates of conversations, or persons recorded on the audiotapes.

**C. Interrogatory No. 3: Zip Codes For Each Territory Plaintiff Was Assigned To Or Sought.**

Defendants ask that plaintiff identify by zip code, her territory under her former employer, American Cynamid Corporation (ACC), her territory under defendants, and each territory change

occurring or sought while she was employed by either company. Defendants maintain that this information is crucial to plaintiff's claim that she was discriminatorily assigned to a low-income territory after defendant acquired ACC in March of 1995.

Plaintiff responds that she has provided all the information she possesses. She also maintains that she can not identify any further zip codes to which she was assigned over five years ago, because those zip codes repeatedly changed.

The Court denies this section of defendants' motion as moot. It is understood that plaintiff may testify to the communities and locations in her territory, but that she will not be able to present additional information concerning zip codes. In addition, defendants will be permitted to request that plaintiff admit or deny specific facts concerning these locations.

**D. Interrogatory No. 4: Damages Calculations.**

Plaintiff has supplied her tax returns for the period of 1990-1999 as well as information concerning her stock options. The only outstanding issue from this interrogatory is defendants' request for the itemization and categorization of damages.

The Court grants defendants' request, and allows plaintiff ten days to supplement her answer with itemization and categorization of damages.

**E. Document Request No. 2: Statements Concerning This Action.**

Defendants request all statements, as the term is used and defined in Fed. R. Civ. P. 26, concerning this action or its subject matter. Plaintiff maintains that she has no such statements.

The Court denies the request as moot.

**F. Document Request No. 3: Documents Concerning Plaintiff's Employment With Any Employers Other Than Defendant.**

Defendants have narrowed their request and now seek copies of all subsequent

employment information, including plaintiff's personnel files and evaluations. Defendants maintain that this information is relevant to plaintiffs's claim that she was unfairly disciplined and evaluated. Specifically, defendants believe that plaintiff's claim will be weakened if it can be shown that subsequent employers also determined that she was not performing well. Defendants further argue that plaintiff's subsequent performance and ability to work are relevant to her disability claim.

Plaintiff maintains that all of plaintiff's employers have agreed that performance was not a problem, and hence, it is not a relevant issue. Rather, plaintiff is claiming that her salary and bonus compensations were reduced when she was reassigned to different territories. Moreover, plaintiff has answered all questions concerning her medical condition, and defendants have already obtained her medical records and deposed her treating physicians.

The Court finds that the information sought is only relevant to plaintiff's disability claim. Further, the Court notes that personnel files are carefully protected even within the broad scope of discovery. In addition, defendants could obtain whatever relevant information they seek through the subpoena of plaintiff's subsequent employment supervisors. The Court denies defendants' request.

**G. Document Request No. 14: All Electronic Documents.**

Defendants requested all electronic documents contained on any computer, computer disk, or related computer storage device concerning the claims in this lawsuit or her employment with defendants. Plaintiff's initial response to this request was to state, "[d]iscovery is continuing." Defendants seek a complete answer to this request. Plaintiff now represents that she possesses no such electronic documents, and has otherwise supplied defendant with any

requested documents.

The Court grants defendants' request and permits plaintiff an additional ten days to supplement her response with a more definitive answer.

As ordered from the bench, there is no ruling concerning interrogatory number 1. The Court will reevaluate this interrogatory in ten days, after defendants have narrowed the scope of their interrogatory. Defendants' motion concerning interrogatories numbered 2 and 4, and document request number 14 are granted, and plaintiff is to supplement her response within ten days. Defendants' interrogatory number 3 and document request number 2 are denied as moot. Defendants' document request number 3 is denied.

**THEREFORE, IT IS HEREBY ORDERED that:**

Defendants' Motion to Compel (Doc. No. 16) is:

**GRANTED** as to interrogatories numbered 2 and 4, and document request number 14. With Plaintiff having ten days to supplement responses.

**DENIED AS MOOT** as to interrogatory number 3 and document request number 2.

**DENIED** as to document number 3.

Dated: August 22, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

# Please forward this announcement to the recipient of this fax.

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500